I think it might be good afternoon by now, Your Honors. My name is Paul Silver. I appear on behalf of the United States. The district court was without authority of any kind to deem the government to have made a motion pursuant to Section 3553 of Title 18 in order to authorize the court to sentence Ms. Trim below the 15-year mandatory minimum. Is there any question that she did everything she could have done? No. And is there any question that she did everything that you knew she was going to be able to do at the time you entered into the plea agreement with her? I'm not certain of that, but I'll assume for the record, Your Honor, that essentially we knew we wanted Ms. Trim to testify in the trial where she did. And she did. And she testified truthfully and completely, right? Yes. So isn't there some unfairness in dangling out the carrot of 5K1.1 and 3553 and then saying uh-uh after she does everything she's supposed to do? No, Your Honor. Because the contours of what is going to develop, whether the defendant does everything that's expected, does less, does more, those are things that we can't really know when the plea agreement is entered into. And the language of the plea agreement is clear, that we may value your cooperation. In your sole discretion, you say that half a dozen times, too. Well, but, yes, and it is our sole discretion, and the only question is . . . You do know at the time of the plea agreement that there's a lid, right? If she does the most she can do, as apparently she did and as was expected, there's not going to be a 3553E motion, because she did everything she could possibly have done. We don't know that, Your Honor. It may be that the assistant United States attorney who handles the trial says in a memorandum to go up the chain, her testimony was unbelievable. She was a great witness. She withstood particular cross-examination extremely well. Therefore, the cooperation is worth more than what happened to have been the case. I suppose one other thing that is a factor that could bear on this, and I think you mentioned it in your brief, which is there were two witnesses here. What would happen if one of those witnesses, or two people who are in a position to testify right about this defendant, if one of those had fallen . . . if the other one had fallen through, would her cooperation have been worth a greater departure? Would Ms. Trim's cooperation have been worth a greater departure, perhaps, because she would then be the only thing standing between the defendant and acquittal, which she was not? Well, Ms. Trim was the only witness who could testify to the facts in this trial. Of a particular count? Yes. The other witness . . . I mean, if the other witness was not there, we would be left with this count, and yes, it would have made her cooperation more significant. And that's something you can't know in advance, I suppose. I mean, you really don't know much in advance. The bottom line, I suppose, is given the language of the plea agreement, given the language of the addendum, and given the clear law, the question is, is it bad faith to put a numerical value on cooperation that doesn't go below . . . Was there a finding of bad faith? No. What the district court said, somewhat . . . Elliptical. Somewhat, yes, Your Honor. I mean, in the context of what was occurring . . . I mean, I wouldn't view it . . . if I were the prosecution, I wouldn't view it as flattering. I don't think there was anything unflattering about it, Your Honor. The defense asked specifically for a finding of bad faith, and there was a significant and lengthy discussion about whether or not the government acted in bad faith. And it was clear, when the district court determined it was going to go under the fifteen-year mandatory minimum, it said, you know, I want the record to be clear. I'm not making a finding of bad faith. And I interpret that as rejecting the defendant's request. So yes, the district court didn't say, I find the government acted in good faith, but in effect, it did. I'm not troubled at all. I may be missing your point, Your Honor. The court varied even below the guidelines after the departure was determined. Was that a violation of Richardson? You familiar with . . . Yes, I'm familiar with the concept, Your Honor. I always understood. I do these sentencings myself, usually in my other job. And I always understood that if I did a 5K1.1 and a 3553 departure, that that was as low as I could go. He went lower. Is that okay? Yes. Next time I sentence, can I go lower? I think not, because when he went below the statutory . . . if the government had made the section 3553E motion, then the only consideration that the court can have to determine the maximum allowable departure would have been the value of the cooperation. I mean, the value of the cooperation, but you're not contending that when the government says we rate this as worth five levels, that that's binding on the district court? No. No. So the district court can't, under Richardson, say, well, the cooperation was not that great, but thank you for exempting me from the guidelines or from the mandatory minimum because now I can do whatever I want. On the other hand, isn't that a little bit academic when the guidelines are only advisory anyway? Well . . . That once you're freed of the mandatory minimum, the district court is, it seems to me at that this is the appropriate sentence. Even if you didn't make a motion for under 5K1, the district court would be entitled, subject to the mandatory minimum, to give any sentence it thought appropriate applying the 3553A factors that was between fifteen years and thirty years. Yes. And once you say, because of cooperation, you can go below the mandatory minimum, is not the district court today free to do anything between zero and thirty years that is substantively reasonable, taking into account the 3553A factors, including the guidelines that would otherwise apply? I think not, Your Honor. Why not? I think when a motion from the government allows a court to depart, it usually arises in the context of, well, when a motion from the government is what authorizes a court to sentence below an otherwise applicable statutory mandatory minimum penalty, it is only the value of the cooperation, by virtue of the language in section 3553E itself, that the court can take . . . How does the court go below the mandatory minimum? It's only the cooperation agreement and the nature of the cooperation that lets the court come below the mandatory minimum, right? And it also sets the limit on how far the court can go below. Why? Because that's what 3553E says. The court, and Richardson, the court can value the cooperation greater than the government recommends, but it is only the value of the cooperation that allows the court to go below a mandatory minimum following a government motion. Suppose the court says, when I take into account all of the 3553A factors, and granted, this would have to be a very unusual case, I think that, taken all in all, the correct sentence would be only probation. However, there is a two-year mandatory minimum under this statute, and so I recognize I would have to give that. But the government has now said that the mandatory minimum is lifted because of cooperation. The government also says they're asking for a departure from the guidelines, which might have come out to three years or something higher. What is it, as a matter of law, that limits, I mean, is it the language of 3553E? Yes, and this Court's decision in Richardson, and, in fact, and I handled such a case before this Court, I believe the defendant's last name was Leslie. I could provide that. I don't think that's before us here, actually. We have not appealed that additional variance. Your position is it needs to be a 15-year sentence, at least. Yes. Thank you. Thank you. May it please the Court, George Hildebrand for Hillary Trim. The government signed a contract with Hillary Trim. That contract provided for obligations on both sides. On Ms. Trim's behalf, it required that she disclose all information that the government requested of her regarding any matter, that she testify truthfully in grand jury and at trial for any matter she was called to testify, that she not withhold evidence from them or try to shield anybody from prosecution. The agreement also provided for some obligations to the government, first, that it disclose to the sentencing court the nature and the extent of the defendant's cooperation, and secondly, that in the exercise of good faith, it move, if appropriate, for a downward departure pursuant to Section 5K1.1 and, most relevantly, 3553E. That discretion, while it solely rests with the government, is not unfettered. The government has to exercise that discretion in good faith, and this Court's prior decisions make clear that they can withhold that good faith only if they are honestly dissatisfied with defendant's efforts. Well, is that really what the case law says, honestly dissatisfied, as opposed to make a good faith assessment of what the cooperation is worth? In United States v. Roe, which I believe was cited in our brief, certainly was cited in my motion from below, it's 445F3-202, the Court spoke about interpreting a cooperation agreement in contract terms and how an obligor under contracts can be unreasonably, but not dishonestly dissatisfied. Here's what the contract says. The contract says that if the government determines that the defendant has provided substantial assistance, it may, in its sole discretion, credit the defendant in one or more of the following ways, move for a departure under 5K1.1 and or 3553E. It says right up front, if you provide substantial assistance and we're satisfied with it, we may do one or the other, or we may do both. That's true. Why do they have to do both? Well, in this case, the government sought to not make a motion under 3553, not because it was honestly dissatisfied with Ms. Trim's efforts, but because it sought to usurp the Court's sentencing function and reserve that for itself. That's always true when the government doesn't make a 35, I mean, what you're saying is, whenever the government says, we're going to make a 5K1.1 and or 3553, and the person, and the government makes a 5K1.1, thereby evidencing the fact that substantial assistance was given, that they're required to make a 3553 motion as well. That's your argument. That's not my argument. The government raises that in a reply brief, and I don't make that argument. In fact- Doesn't that follow from your argument, though? No, it doesn't. And I think that a 3553e motion and a 5K motion are related solely to the nature and the extent of the defendant's cooperation, and it might be possible that a defendant could cooperate truthfully, to an extent that it would merit a 5K motion, but yet leave the government dissatisfied that it provided everything, that the defendant provided everything they could. But why would that . . . I'm not sure where the space is between the two standards for that kind of determination, because if they're dissatisfied, they could refuse to give either. You know, a good illustration is in the Eighth Circuit . . . I'm sorry, the D.C. Circuit's opinion in the Motley case, cited by the government in their reply brief, and my recollection is that the defendant was involved in some type of street crime, I don't remember exactly what, cooperated with the government, they made a 5K motion, and not a 3553e motion, and the court, in upholding the government's actions, in its opinion, cited to the government's letter which said that Motley's long-term and extensive history of drug dealing, and the level of respect he enjoyed around the neighborhood, suggested he had a more intimate knowledge of the violence around that area than he chose to share. So the court found in that case that the defendant had testified truthfully, had helped the government out, and had earned a 5K motion, but had not merited a 3553e motion. . D . Here is pretty question mark there. On the grounds the judge preferred which in my recollection and my reading was that was unfair I would say that that is not it's laudable but not appropriate basis to be below mandatory minimum. There is facts in the record for the court to determine he should rule that was in bad face. .  . . . . . . . . . . . . . . . . . . . . . I don't think a remand is necessary and I think the reasons justifying a remand that defense counsel gives now are different from the reasons for the remand that were argued in the brief and in the district court. The claim of bad faith up until this moment was the government has to make the 3553E motion unless there is dissatisfaction with the extent of the cooperation and now it's well there should be a remand to see if we factored in the heinous nature of the defendants. Isn't that the same thing? If what he was saying before is the only thing that you are allowed to consider is the quality of the cooperation and now he is saying yes and that the flip side of that is you can't consider the heinousness of her behavior. You can only consider the quality of the cooperation. Well, that's clearly not the law but yes. I tend to think that's a different issue, right? It is the same argument that he is making. You are a step ahead of me, I admit that. We say that we will make the determination principally in accordance with what's in section 5K1.1 and other reasons. So I don't think we are limited under the provisions of the contractual plea agreement or 5K1.1 itself with taking into account factors other than the value of the cooperation. And then just one note which I . . . It might be advisable and this is again free advice worth exactly what you are paying for it but it might be advisable to make some of that explicit in a plea agreement lest there be some confusion on the part of a defendant that if I do everything they ask of me, then that's all they're going to consider and then I'll be golden. But again, that's up to you but I'm just wondering whether if you're saying and other factors whether including the balancing of the cooperation value against the seriousness of the defendant's conduct, we'll make that determination in our discretion. But that's a separate question than the legal question. Thank you, Your Honor. Thank you. Thank you both. We'll reserve decision. The case of Whitfield v. Johnson is taken on submission. That's the last case on calendar. Please adjourn the Court. Court is adjourned.